1  MORGAN, LEWIS & BOCKIUS LLP
   Jason S. Mills, Bar No. 225126
2  300 South Grand Avenue
   Twenty-Second Floor
3  Los Angeles, CA 90071-3132
   Tel:  +1.213.612.2500
4  Fax:  +1.213.612.2501
   jason.mills@morganlewis.com
5

6  Alexander L. Grodan, Bar No. 261374
   P. Bartholomew Quintans, Bar No. 308085
7  600 Anton Boulevard, Suite 1800
8  Costa Mesa, California 92626-7653
   Tel:  +1.830.0600
9  Fax:  +1.830-0700
   alexander.grodan@morganlewis.com
10 bart.quintans@morganlewis.com

11
   Attorneys for Defendant
12 NATIONAL STEEL AND SHIPBUILDING
   COMPANY
13

14
                   UNITED STATES DISTRICT COURT
15
                 SOUTHERN DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| CYNTHIA GOMEZ, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL STEEL AND SHIPBUILDING COMPANY; and DOES 1-50, inclusive,<br><br>Defendant. | Case No.  **'20 CV0781 BEN RBB**<br><br>**DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'S**<br><br>**NOTICE OF REMOVAL PURSUANT TO 29 U.S.C. § 185 [LMRA PREEMPTION], 28 U.S.C. § 1331 [FEDERAL QUESTION], AND 28 U.S.C. § 1441(a) [ORIGINAL JURISDICTION]**<br><br>Complaint Filed: February 18, 2020 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1441(c) and pursuant to 29 U.S.C. § 185, Defendant NATIONAL STEEL AND SHIPBUILDING COMPANY ("NASSCO") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Diego to the United States District Court for the Southern District of California. This removal is based on the following grounds:

## I.   THE REMOVED ACTION

1. On February 18, 2020, Plaintiff Cynthia Gomez ("Plaintiff") filed an unverified Class Action Complaint ("Complaint") in the Superior Court of the State of California, San Diego County, entitled *Cynthia Gomez v. National Steel and Shipbuilding Company,* Case No. 37-2020-00008871-CU-OE-CTL (the "State Court Action").

2. Plaintiff's Complaint alleges eleven causes of action against NASSCO for: (1) violations of California Business and Professions Code §§ 17200, *et seq.*; (2) failure to pay overtime in violation of California Labor Code §§ 510, *et seq.*; (3) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197 and 1197.1; (4) failure to provide meal periods in violation of California Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission ("IWC") Wage Order; (5) failure to provide rest periods in violation of California Labor Code §§ 226.7, 512, and the applicable IWC Wage Order; (6) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; (7) failure to timely pay wages when due in violation of California Labor Code §§ 201, 202 and 203; (8) disability discrimination and retaliation in violation of the Fair Employment and Housing Act ("FEHA"), Gov. Code §§ 12900, *et seq.*; (9) failure to prevent discrimination, harassment, and/or retaliation in violation of

FEHA, Gov. Code § 12940(k); (10) wrongful termination in violation of public policy; and (11) a derivative claim for civil penalties under the Private Attorneys General Act ("PAGA"), Labor Code §§ 2698, *et seq*.

3. Plaintiff asserts her first through seventh causes of action on behalf of a putative class of similarly situated current and former non-exempt NASSCO employees. In support of these causes of action, Plaintiff alleges that: NASSCO required Plaintiff and putative class members "to perform work off the clock" and "to wait for and submit to loss prevention inspections at the end of each scheduled shift for which [NASSCO] did not provide compensation;" that NASSCO failed to relieve Plaintiff and putative class members of duty during meal and rest periods; and that NASSCO "purposefully avoid[ed] the payment of the correct overtime compensation." *See* Compl. ¶¶ 8-13.

4. Plaintiff asserts her eighth through tenth causes of action on an individual basis in relation to her alleged wrongful termination. Specifically, Plaintiff alleges that NASSCO terminated her employment shortly after Plaintiff reporting suffering an eye injury while working. *See* Compl. ¶ 16.

5. Plaintiff purports to bring her eleventh cause of action as a representative action to recover civil penalties under PAGA on behalf of herself and other allegedly aggrieved employees for the same Labor Code violations she asserts as putative class claims in her second through seventh causes of action. *See id*. ¶ 132.

6. On April 24, 2020, NASSCO answered Plaintiff's Complaint in the State Court Action with a general denial under Section 431.30(d) of the California Code of Civil Procedure, and asserting NASSCO's affirmative defenses.

7. True and correct copies of the Summons, Complaint, Civil Cover Sheet, Notice of Assignment and Notice of Case Management Conference, and

Answer are attached as Exhibit A.  Exhibit A constitutes all process, pleadings, and orders served on or by NASSCO in the State Court Action.[1]

## II.     REMOVAL IS APPROPRIATE AND TIMELY

8.     Removal is appropriate because this Court has original federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), as further discussed below.  Section 301 of the Labor Management Relations Act ("LMRA") vests original jurisdiction in the United States District Court over all suits arising out of a collective bargaining agreement ("CBA").  Consequently, federal labor law that has developed from Section 301 completely preempts and displaces any competing state law claims.  *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965).  Courts are "required by federal law" to recharacterize complaints that omit reference to Section 301 or the LMRA even though "principles of federal labor law are involved [that] supersede state . . . theories" alleged in the complaint.  *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).[2]

9.     NASSCO accepted service of the Complaint by serving on Plaintiff's counsel an executed Acknowledgment of Receipt on March 25, 2020, making service effective that day.  A true and correct copy of NASSCO's Acknowledgment of Receipt is attached as Exhibit B.  This Notice of Removal is filed within the time provided by 28 U.S.C § 1446(b)—*i.e.*, within 30 days from the date NASSCO was served with the Complaint.

---

[1] As of the filing of this Notice of Removal, the San Diego Superior Court is closed and has suspended the acceptance of filed documents in non-emergency matters. The Answer attached in Exhibit A is identical to the Answer submitted for filing.

[2] While NASSCO denies all of the allegations in the Complaint, this Court nevertheless has original jurisdiction over this entire action under 28 U.S.C. section 1331 as the issues raised directly implicate questions of federal law, and removal is therefore appropriate under 28 U.S.C. § 1441(a).

### III. THE LMRA COMPLETELY PREEMPTS PLAINTIFF'S CAUSES OF ACTION INVOLVING ALLEGED UNPAID OVERTIME

10.  Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). The United States Supreme Court has consequently held that Section 301 of the LMRA preempts employment claims brought under state law where those claims involve rights created or governed by a CBA. *See Franchise Tax Bd. of State of Calif. v. Constr. Laborers Vacation Trust for So. Calif.*, 463 U.S. 1, 23 (1983) ("Any such suit is *purely a creature of federal law*, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.") (emphasis added). Accordingly, the LMRA authorizes a body of federal common law that completely displaces state law claims that arise out of a CBA with federal claims establishing removal jurisdiction. *Id.*

11.  As the Ninth Circuit has recently confirmed, overtime claims brought under state law are completely preempted by the LMRA if the plaintiff was "working under a qualifying collective bargaining agreement [under] Cal. Lab. Code § 514 . . . ." *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1149-50 (2019). Labor Code Section 514 states that the California Labor Code's overtime provision (Section 510) does not apply to an employee "covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Having found that the *Curtis* plaintiff's CBA met Section 514's requirements, the Ninth Circuit concluded that "the default definition

DEFENDANT'S NOTICE OF REMOVAL

of overtime and overtime rates in section 510 does not apply" and the plaintiff's "claim for overtime pay is controlled by his CBA[ ]" and his "right to overtime exists 'solely as a result of the CBA.'" *Curtis*, 913 F.3d at 1154-55 (internal quotations omitted); *see also Franco v. E-3 Systems*, 2019 WL 6358947, at *3 (N.D. Cal. Nov. 8, 2019) (holding that "overtime claims under Cal. Lab. Code § 510 are controlled by the CBA if the CBA satisfies the requirements of Cal. Lab. Code § 514"); *Van Bebber v. Dignity Health*, 2019 WL 4127204, at *4 (E.D. Cal. Aug. 30, 2019) ("[I]f a CBA meets the requirements of § 514, overtime claims are controlled by the CBA rather than by § 510, and are therefore preempted."); *Vasquez v. Packaging Corp. of Am.*, 2019 WL 4543106, at *3 (C.D. Cal. June 7, 2019) ("Plaintiff's overtime claim here [is preempted] because Plaintiff's CBA satisfies § 514 and so his overtime claim is governed by the CBA rather than state law.").

12. Removal jurisdiction pursuant to *Curtis* does not require that the original complaint reference or acknowledge the existence of the controlling CBA. *See Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988) ("To determine whether [§] 301 preempts a state . . . claim, [the courts] do not look to how the complaint is cast."); *Olguin v. Inspiration Consolidated Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984), *overruled on other grounds by Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985) ("[E]mployees frequently attempt to avoid federal law by basing their complaint on state law [and] disclaiming any reliance on the provisions of the collective bargaining agreement."). Indeed, the district court in *Van Bebber* rejected the plaintiff's argument that the LMRA did not apply because the plaintiff had "constructed his pleadings so as to avoid any reference to the CBAs, and to instead ground his claim solely in California state law." 2019 WL 4127204, at *9. Denying the plaintiff's motion to remand, the court in *Van Bebber* held that "[s]uch artful pleading is ineffective in the face of the evidence submitted by defendant, which affirmatively establishes that plaintiff and the class members were subject to

the CBAs, and that these CBAs meet the requirements of § 514." *Id.*; *see also Regents of Univ. of California v. Aisen*, 143 F. Supp. 3d 1055, 1057 (S.D. Cal. 2015) (citing *Olguin*, 740 F.2d at 1473) (holding that a court reviewing federal jurisdiction under the LMRA may "look beyond facts pleaded in a complaint to ascertain facts that would have appeared in a 'well pleaded' complaint").

13. Here, Plaintiff's complaint alleges that NASSCO "failed to accurately pay" her and other putative class members "overtime wages for the time they work which is in excess of the maximum hours permissible by law as required by Cal. Lab. Code [Section] 510 . . . ." Compl. ¶ 67. As in *Curtis*, however, Plaintiff's employment was controlled by a CBA that qualifies under Section 514 to exempt Plaintiff from Section 510's requirements. This is because Plaintiff's CBA provides, in detail, for the wages, hours of work, and working conditions of covered employees. *See* Declaration of Connie Lundgren ("Lundgren Decl."), ¶¶ 3-4, Ex. A (Article 4 discussing assignment of work; Article 5 discussing wages/pay; Article 6 discussing hours of work; Article 7 discussing overtime; Schedule A setting forth applicable wage rates). Moreover, the base hourly Wage Rates provided for in the CBA for all covered positions is more than 30 percent above California's minimum wage of $12.00 an hour. *Id.*, Ex. A at 46 (Schedule A). Thus, the CBA meets the requirements of Section 514 and, therefore, displaces Plaintiff's overtime claims under Section 510 with federal law. For these reasons, a federal claim under Section 301 of the LMRA displaces Plaintiff's overtime claim brought under state law.

### IV. PLAINTIFF'S WRONGFUL TERMINATION CLAIM IS ALSO PREEMPTED UNDER THE LMRA

14. Rights that exist independently of the CBA are also preempted under § 301 of the LMRA if the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). The "preemptive force of section 301 is so powerful as to displace

entirely . . . any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir.1987). This is because "the policy in favor of national uniformity in labor law is so powerful that it displaces state law with respect to claims involving the interpretation or enforcement of [a CBA]." *Associated Builders & Contrs. v. Local 302 IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997).

15. Here, Plaintiff's tenth cause of action alleging wrongful termination against public policy substantially depends on analysis of the CBA's provisions regarding the grounds and procedures for termination. Plaintiff's CBA provides that "[a]n employee's . . . employment may be terminated for the following reasons," including, among other things, "[d]ischarge for just cause." *See* Lundgren Decl., ¶ 2, Ex. A at 22 (Article 18, Section 5). Schedule C to the CBA contains a detailed schedule of rules and conditions that may justify discipline or termination of employment, which the Court must interpret in determining whether or not NASSCO wrongfully terminated Plaintiff's employment. *See id.*, ¶ 3, Ex. B.

16. Plaintiff couches her termination as discriminatory based on her having allegedly reported to NASSCO a work-related eye injury one week earlier. Compl. ¶¶ 16, 104-124. Her complaint fails, however, to explain how this one allegation places her in the identified protected classes—"disability, medical leave, and/or good faith complaints"—necessary to pursue a discrimination claim rather than a claim that challenges her termination based on some other unidentified public policy. *Id.* As such, this claim simply challenges NASSCO's exercise of its right to terminate Plaintiff's employment under the CBA, and is thus preempted. *See, e.g.*, *Saxe v. Cast & Crew Payroll, LLC*, 2015 WL 4648041, at *7 (C.D. Cal. Aug. 4, 2015) (finding that the LMRA preempted the plaintiff's wrongful termination claim because a court must interpret the CBA to determine whether the employer exercised the right not to renew the employment term under the CBA); *Scott v. Machinists Auto. Trades Dist. Lodge No. 190 of N. Cal.*, 827 F.2d 589, 594

(9th Cir. 1987) (holding that state-law claims are preempted when they "arise out of the employee's discharge or the conduct of the defendants in the investigatory proceedings leading up to the discharge"); *Bald v. Kuakini Med. Ctr.*, No. CV 15-00525 RLP, 2017 WL 2117400, at *3 (D. Haw. Apr. 10, 2017) (holding that intentional infliction of emotional distress claim arising out of an alleged wrongful termination was preempted because court must analyze CBA's terms governing termination "to determine if Defendant's actions in terminating Plaintiff were unreasonable").

## V. THE COURT HAS SUPPLEMENTAL JURISDICTION OVER ANY CLAIMS THAT ARE NOT PREEMPTED BY THE LMRA.

17. Once a court has jurisdiction under the LMRA over one claim, the court may exercise supplemental jurisdiction over other state law claims in the same complaint. *See* 28 U.S.C. § 1367(a); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 n. 3 (2003) ("[A] state claim can . . . be removed through the use of the supplemental jurisdiction statute . . . provided that another claim in the complaint is removable."); *Hernandez v. Pac. Mar. Ass'n*, 379 Fed. Appx. 668, 671 (9th Cir. 2010) (holding that LMRA preemption of "at least some" of the state law claims resulted in district court's proper supplemental jurisdiction under 28 U.S.C. § 1367(a) "over the balance of the claims").

18. Here, Plaintiff's causes of action under state law relating to meal and rest periods, and derivative Labor Code claims regarding wage statement violations, and timing of pay all derive from the same allegation that NASSCO required Plaintiff and putative class members to work off-the-clock. *See* Compl. ¶¶ 8-13. Courts have frequently exercised supplemental jurisdiction over similar wage and hour claims that "arise out of the same employment relationship that gives rise" to the pre-empted overtime claim. *See Van Bebber*, 2019 WL 4127204, at *9 ("Declining to exercise supplemental jurisdiction under these circumstances could result in parallel proceedings regarding the same nucleus of operative facts, one in

state court and the other in federal court."); *see also Vasquez*, 2019 WL 4543106, at *4 ("As Plaintiff may be entitled to overtime pay for the times he worked through his meal and rest periods, it appears that his meal and rest period claims are inextricably intertwined with his overtime claim."); *Franco*, 2019 WL 6358947 at *4 (finding that wage and hour claims under state law, including a PAGA claim, "arise from the same working conditions and relationship with Defendant during the same period as Plaintiff's overtime claim").

19.  This is also true for Plaintiff's individual claims.  The Court's original jurisdiction over the preempted wrongful termination claim, as set forth above, gives the Court supplemental jurisdiction over Plaintiff's eighth and ninth causes of action under FEHA pursuant to 28 U.S.C. § 1367(a) because these claims arise from the same alleged conduct by NASSCO as the preempted wrongful termination claim. *See Saxe*, 2015 WL 4648041, at *8-9 (finding that preempted wrongful termination claim arose from same nucleus of operative facts as non-preempted discrimination claims under FEHA).  Even if the Court finds that the LMRA does not preempt Plaintiff's individual claim for wrongful termination, that claim and the related claims under FEHA are brought in the same complaint with the preempted overtime claim.  As these individual claims, like the wage and hour claims, relate to Plaintiff's employment relationship with NASSCO, they are sufficiently related to the federal overtime claim to form part of the same case or controversy for removal purposes.

**VI.   VENUE**

20.  This action was originally filed in the Superior Court for the County of San Diego.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## VII. <u>NOTICE</u>

21. NASSCO will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

22. If any question arises as to the propriety of the removal of this action, NASSCO request the opportunity to present a brief and oral argument in support of its position that removal is appropriate.

Dated:   April 24, 2020                    MORGAN, LEWIS & BOCKIUS LLP


By /s/ P. Bartholomew Quintans
Jason S. Mills
Alexander L. Grodan
P. Bartholomew Quintans
Attorneys for Defendant
NATION STEEL AND
SHIPBUILDING COMPANY

DEFENDANT'S NOTICE OF REMOVAL

# **PROOF OF SERVICE**

*Gomez v. National Stell and Shipbuilding Company*
San Diego County Case No. 37-2020-00008871-CU-OE-CTL

I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton Blvd., Suite 1800, Costa Mesa, California 92626.

On April 24, 2020, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY'SNOTICE OF REMOVAL PURSUANT TO 29 U.S.C. § 185 [LMRA PREEMPTION], 28 U.S.C. § 1331 [FEDERAL QUESTION], AND 28 U.S.C. § 1441(a) [ORIGINAL JURISDICTION]**

[ X ]   **BY E-FILE:** I caused such document(s) to be transmitted by e-file with the Clerk of the Court by e-serving through the **CM/ECF** e-file system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Norman B. Blumenthal, Esq.<br>Kyle R. Nordrehaug, Esq.<br>Aparajit Bhowmik, Esq.<br>Nicholas J. De Blouw, Esq.<br>BLUMENTHAL, NORDREHAUG,<br>BHOWMIK, DE BLOUW, LLP<br>2255 Calle Clara<br>La Jolla, CA  92037<br>Phone: 858.551.1223<br>Fax:    858.551.1232<br>norm@bamlawca.com<br>kyle@bamlawca.com<br>aj@bamlawca.com<br>nick@bamlawca.com | Attorneys for Plaintiff<br>*CYNTHIA GOMEZ* |

[   ]   **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]   **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on April 24, 2020, at Costa Mesa, California.

/s/ Brandy George
Brandy George

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

DB2/ 38878095.1                         PROOF OF SERVICE